Cavanagh, J.
(concurring in part and dissenting in part). While I agree that the formula the majority adopts today for calculating worker’s compensation death benefits for surviving partial dependents is the correct formula under MCL 418.321, I do not agree with the majority’s interpretation of the minimum and maximum benefit language located in MCL 418.321. Also, I write separately because I believe that leave was improvidently granted in this case.
The procedural history of this case is substantial. Plaintiff first sought benefits in connection with his son’s death in 1982. In 1995, after this Court decided Weems v Chrysler Corp, 448 Mich 679; 533 NW2d 287 (1995), this case was remanded to the Worker’s Compensation Appellate Commission to recalculate death benefits using the formula set forth in Weems. 449 Mich 901 (1995). Today, the majority overrules the Weems formula and remands for yet another recalculation using a new formula.
This case has been up and down the worker’s compensation and appellate court systems for over twenty years and has been remanded once already to calculate benefits under the now abandoned Weems formula. While I remain committed to the formula set forth in my partial dissent to Weems, which this Court adopts today, I believe that it is time to put this case *116 to rest. Leave was improvidently granted. Further, I remain committed to the interpretation of the application of the minimum and maximum benefits as expressed in my partial dissent to Weems. Weems, 448 Mich 711-712, 716-717 (1995).
Weaver, J. I dissent from the majority’s decision to overrule the formula established by this Court in Weems v Chrysler Corp, 448 Mich 679; 533 NW2d 287 (1995). As noted by the Weems majority, in most instances it is difficult, if not impossible, to calculate the amount contributed by the decedent solely to the support of the partial dependent. Id. at 698. The formula articulated in Weems, which takes into consideration the dependent person’s regular and substantial income, represents a practical, workable formula that gives effect to the statute, MCL 418.321, and is faithful to its intent.[1] Therefore, I would not overrule this aspect of the Weems opinion.

 At oral argument, counsel for both plaintiff and defendants agreed that the formula established in Weems has proven workable since the decision was made over six years ago.